GEORGE CHESTERMAN et al., *v.* GEORGE C. EYLAND et al.

GEORGE W. LANE (late Chamberlain), Appellant.

An order of General Term directed T., chamberlain of the city of New York, to pay over to the petitioner her proportion of so much of a fund deposited with L., late chamberlain, as came to the hands of T., and directed a reference to take proof of the facts relating to the manner in which L. had invested the fund, and his disposition thereof, etc. The order provided that upon proofs the petitioner might apply for relief, reserving all questions until such application. L. appealed from the order so far as it affected him. *Held,* that the court had power to make the order; and that those portions appealed from were simply interlocutory, affecting no substantial rights, and were not appealable.

(Argued September 17, 1878; decided October 1, 1878.)

APPEAL by George W. Lane, late chamberlain of the city of New York, from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term made in the action above entitled, which denied a motion, on behalf of Mary C. Timpson, for an order directing the appellant and J. Nelson Tappan, the present chamberlain, to pay over to her her proportion of a fund deposited with the appellant by order of the court herein.

By the General Term order it was "further ordered that the chamberlain of the city of New York pay to the said Mary C. Timpson, or to her attorney herein, such part or proportion of the sum of $7,194$\frac{18}{100}$ stated in the affidavit of H. A. Ovington to be in the hands of the city chamberlain in money on the 23d day of July, 1877, and of any accumulation thereon in money in his hands as $13,389$\frac{95}{100}$, the aggregate of the deposit, is to $5,738$\frac{54}{100}$, the amount thereof belonging to said Mary C. Timpson, and it is further ordered that it be referred to John S. Lawrence, Esq., of the city of New York, counselor at law, as sole referee, to take proofs of the facts relating to the manner and specific securities in which said George W. Lane invested the $13,457$\frac{23}{100}$ received by him as city chamberlain on or about the 18th of March, 1874, in this action, * * * * and every part of the said sum of $13,457$\frac{23}{100}$, and his disposition of such sum and such securities and investments, and all his acts in relation thereto, and as to the nature and form of the transaction of such investment or investments, and of any or all changes thereof, if any, while he was such city chamberlain, and if such investment or investments were changed from time to time, or at any time, then as to whether such changes were made pursuant to any, and if any, what order or orders of said court, and as to the character and sufficiency of the securities in which any and each of such investments were made, and if on bond and mortgage, whether the mortgaged property was at the time incumbered, and if incumbered, the nature, date and amount of such incumbrances respectively, and in what securities said moneys were invested, or were claimed by said George W. Lane to be invested, and the character and sufficiency of such securities, and his disposition thereof at the time said J. Nelson Tappan became city chamberlain, and as to what said Tappan did thereupon with said securities and with each of them, and as to whether he made any change in said investment or investments, and if so, when and what changes, and whether by any, and if so, when and what changes, and whether by any, and if so, what order or

orders, rule or rules of said court, and whether any payments were made thereon, and if so, what payments, and to take proof of all the facts affecting the merits of the said application and petition by said Mary C. Timpson, and that said referee · report said proofs to this court, and that on such proofs, and on the papers on which said order of the twenty-fourth of July was made, the said Mary C. Timpson be at liberty to apply to this court for such relief as she may be advised, and that all further questions be reversed for the consideration of the court until and when such application shall be made."

*Charles H. Woodruff*, for Lane, appellant. A mandamus would not issue against the appellant because it was not in his power to do the thing demanded. (*People* v. *Comrs. of Highways*, 11 How. Pr., 89; *People* v. *Comrs. of Excise*, 7 Abb. Pr., 34; *Colonial Life Ins. Co.* v. *Board Supervisors N. Y.*, 4 id., 84; *People, etc.*, v. *Board Supervisors San Francisco*, 28 Cal., 429; Topping on Mandamus, 17; *People* v. *Superv. Greene Co.*, 12 Barb., 217 ; *People* v. *Superv. Westchester Co.*, 15 id., 607.) It was a sufficient objection to the issuing of the writ that as an officer he was *functus officio*. (High on Extraordinary Legal Remedies, 35; *People* v. *Monroe*, 20 Wend., 108; *State* v. *Waterman*, 5 Nev., 328.) The court would not interfere by mandamus because the party aggrieved has a specific legal remedy. (Tapping on Mandamus, 17; *People* v. *Commrs. Excise*, 7 Abb. Pr., 34; *People* v. *Supervisors Greene Co.*, 12 Barb., 217; *People* v. *Olds*, 3 Cal., 167; *Napier* v. *Poe*, 12 Geo., 170; *Trustees* v. *State*, 11 Ind., 205; *People* v. *Thompson*, 25 Barb., 73; *People* v. *Corporations*, 1 Wend., 318; *Wilkinson* v. *Providence Bk.*, 3 R. I., 32.)

*Edward F. Brown*, for Timpson, respondent. The fact that appellant's term of office had expired did not affect the power of the court to grant relief in the mode prescribed by law. (*Whipple* v. *Williams*, 4 How. Pr., 29.) The order

was not final and was not appealable. (Laws 1849, p. 616, § 11.)

RAPALLO, J. The order appealed from in this case reverses the order of the Special Term which denied *in toto* the application of Mary C. Timpson the petitioner, and orders Mr. Tappan the present chamberlain to pay over to her, her proportion of so much of the fund in question as is conceded to be in his hands. To this part of the order no objection can be made by Mr. Lane, and Mr. Tappan has not taken any appeal. But the order goes farther and directs a reference to take proof of the facts relating to the manner in which Mr. Lane the late chamberlain invested the fund, the sufficiency of the securities taken by him, and his acts in relation thereto, and his disposition thereof at the time Mr. Tappan became city chamberlain, and as to what Mr. Tappan did with the securities and whether he made any changes in the investments and whether any payments were made thereon, and to take proof of all the facts affecting the merits of the application. The order further provides that on such proofs the petitioner may apply to the court for such relief as she may be advised, and all questions are reserved until such application shall be made.

From this order Mr. Lane, the late chamberlain, appeals in so far as the order affects him. It is apparent that the order determines nothing as to Mr. Lane and is in no respect final, but simply provides for the taking of proofs upon which an application may or may not be made against him or Mr. Tappan or both. Such an order is purely interlocutory and affects no substantial right and is not appealable to this court. The counsel for Mr. Lane contends that not being in office at the time of the application he was not amenable to a summary proceeding of this description, but could only be proceeded against by action if he had been guilty of any misconduct in respect to the fund, and therefore the court had no power to make any order against him in this proceeding. This question will arise when some application is made against

him founded upon the proofs which may be taken by the referee. The order now appealed from determines nothing in respect to him, and it is possible that no application may ever be made against him. When one is made, the objection can be taken, and if sustained the proceedings of the referee will not injure or affect him. Whether his position be sound or not we think the court had power to make the order in question. It simply provides for an investigation into the facts relating to a fund in court which is alleged to have been lost or wasted by the custodian to whom it was committed by the court, pursuant to law. It calls for an inquiry into the investments of the fund, and the history and disposition of the securities and what has become of them, and whether any payments have been made upon them, and into the acts of the present as well as the late chamberlain in regard to the fund. This information the court had a right to obtain, and we cannot see that this order affects any right of Mr. Lane so as to entitle him to appeal.

The appeal should be dismissed, with costs.

All concur, except MILLER and EARL, JJ., absent.

Appeal dismissed.